FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELIA B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | NO: 2:22-CV-151-TOR <br><br> ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are the parties' briefs seeking judgment in their favor. ECF Nos. 13, 14. The issues were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Opening Brief (ECF No. 13) is DENIED, and Defendant's Brief (ECF No. 14) is GRANTED.

//

//

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 2

that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not

disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 4

1   404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

2   At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 5

"exists in significant numbers in the national economy." 20 C.F.R. § 416.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability and disability insurance benefits on October 15, 2019, alleging disability beginning October 1, 2019. Tr. 15. The claim was denied initially on April 13, 2020, and upon reconsideration on July 30, 2020. *Id*. Plaintiff requested a hearing. *Id*. A telephonic hearing was held before an administrative law judge ("ALJ") on May 17, 2021. *Id*. On June 2, 2021, the ALJ denied Plaintiff's claim. Tr. 15-25. The Appeals Council denied review on June 6, 2022. Tr. 1-3.

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2025. Tr. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2019, the amended alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease; meralgia paresthetica, left leg; degenerative joint disease, left hip, status post total hip replacement; degenerative joint disease, right knee; and obesity. Tr. 18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

impairments. Tr. 19.  The ALJ then determined Plaintiff had the residual functioning capacity to perform a full range of sedentary work except:

> she can stand and walk in combination for 30 minutes at a time, for 2 hours total in an 8-hour workday; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, climb ramps and stairs, stoop, kneel, crouch, and crawl; she cannot have concentrated exposure to extreme cold or vibration; and she can have no exposure to workplace hazards (e.g., unprotected heights, and moving mechanical parts).

Tr. 20.

At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 23.  At step five, the ALJ determined that before May 17, 2021, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed.  Tr. 23.  The vocational expert testified that given all of these factors the individual would be able to perform the requirements of sedentary, SVP 2, unskilled representative occupations such as Table Bench Worker, DOT 739.687-182, approximately 31,000 jobs exist nationally; Wafer Breaker, DOT 726.687-046, approximately 23,000 jobs exist nationally; and Taper, DOT 017.684-010, approximately 15,600 jobs exist nationally.  Tr. 24.  Based on the vocational expert's testimony, the ALJ determined that Plaintiff was not under a disability from October 1, 2019 through May 17, 2021. Tr. 24.  The

ALJ then found Plaintiff disabled on May 17, 2021 through the date of his decision and awarded benefits. Tr. 24-25.

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act for this closed period of time, October 1, 2019 through May 17, 2021. In essence, Plaintiff raises the following issues:

1. Whether the ALJ provided adequate reasons for discounting Plaintiff's statement about the severity of her symptoms and limitations; and

2. Whether the ALJ reasonably considered the opinion of Lynne Jahnke, M.D.

ECF No. 19 at 2.

## DISCUSSION

A. **Plaintiff's Claimed Symptoms and Limitations**

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit Plaintiff's subjective symptom testimony. ECF No. 13 at 4-12

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at

1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location,

duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 404.1529(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported the evidence. Tr. 21. In arriving at this conclusion, the ALJ considered several of the factors described above.

The ALJ found the objective medical evidence did not support disability before the established onset date. Tr. 21. The ALJ recounted the objective medical evidence, including objective imaging, MRIs, X-rays, Venous Doppler ultrasounds, and physical exams. *Id*. This evidence showed no acute findings,

moderate abnormalities without nerve room compression, no distress, normal gait with minor exception, ambulate without assistive device, normal reflexes, and overall negative straight leg raising tests. *Id*. Additionally, Plaintiff reported great pain relief with treatment and that she was very pleased with her current conditions. Plaintiff repeatedly reported that standing/walking aggravates her pain, but that sitting alleviates it. *Id*.

While an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence, such objective medical evidence is still a relevant factor. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ additionally found that Plaintiff's high-functioning activities of daily living showed she could perform a fulltime sedentary job. Tr. 21. Plaintiff reported she works 4.5 hours per day [doing a light-exertion job that requires her to be on her feet throughout her shifts], picks up her kitchen, vacuums, provides care for her son, takes care of the family's pets, cooks simple foods, cleans the house, takes care of her laundry, goes out alone, drives, shops in stores, manages her own finances, etc. *Id*. While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 11

1  for exercise" to discount a plaintiff's symptom allegations, the ALJ here
2  considered other factors and found additional reasons for discrediting Plaintiff's
3  subjective symptom testimony.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.
4  2001).

5  When the ALJ asked Plaintiff at hearing whether she could perform
6  sedentary work, she responded that she was not sure.  Tr. 21.  When her
7  representative returned to the subject and prompted the claimant with references to
8  previous conversations they had, Plaintiff responded that she did not think she
9  could do sedentary work.  The ALJ found that Plaintiff's equivocal response
10 followed closely by conflicting testimony when responding to her representative
11 does not carry the claimant's burden of proof.  *Id*. at 21-22.  This is also
12 contradictory to her working at near-substantial gainful activity levels performing
13 light work, not sedentary work.

14 "[T]he key question is not whether there is substantial evidence that could
15 support a finding of disability, but whether there is substantial evidence to support
16 the Commissioner's actual finding."  *Jamerson v. Chater*, 112 F.3d 1064, 1067
17 (9th Cir. 1997).  The Court finds the ALJ provided clear and convincing reasons
18 supported by substantial evidence in the record to discount Plaintiff's subjective
19 symptom testimony.

20

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT
FOR DEFENDANT ~ 12

### B. Medical Opinion of Lynne Jahnke, M.D.

Plaintiff argues that the ALJ mischaracterized the medical record, thus obviating Dr. Jahnke's opinion that Plaintiff did not meet Listing 11.14 when she learned that sitting mitigated Plaintiff's symptoms. From this, Plaintiff concludes that the ALJ ignored the entirety of the medical evidence that confirmed Plaintiff continued to have problems when in a seated position.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id*. In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id*. (citations omitted).

The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 13

Medical expert Lynne Jahnke, M.D. testified that "the primary problem being on her feet…has made her symptoms worse," but that, due to her obesity, sitting might aggravate her symptoms as well. The ALJ then informed Dr. Jahnke of numerous citations in the record that sitting actually alleviated Plaintiff's symptoms. Dr. Jahnke responded:

> Well, I would say it does [change my opinion] and in that I didn't make note of that. I don't know why I didn't make note of that. I think perhaps because I was focusing on all those different techniques they were trying and the – her unusual description of her discomfort which isn't what we clearly see in patients with the degenerative disc disease. But if that were true, then a sedentary level of activity could be appropriate.

Tr. 160. On those facts, Dr. Jahnke opined that Plaintiff did not meet Listing 11.14, and Plaintiff would be capable of sedentary work. *Id*. The ALJ found Dr. Jahnke's opinion persuasive and incorporated her opinion into the RFC.

Plaintiff does not cite a medical opinion regarding quantifiable limitations related to her ability to sit. The ALJ cited multiple instances where sitting was shown to alleviate Plaintiff's symptoms, instances Dr. Jahnke initially overlooked. Some of the records Plaintiff cites are outside the period of time at issue and others are inconclusive and vague.

While Plaintiff clearly takes a differing view of the medical record, ultimately it is the ALJ's responsibility to assess that individual's RFC. 20 C.F.R. § 404.1546(c). This Court does not make findings of fact; instead, "[w]here

ORDER DENYING JUDGMENT FOR PLAINTIFF AND GRANTING JUDGMENT FOR DEFENDANT ~ 14

evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citation omitted).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief, ECF No. 13 is **DENIED**.

2. Defendant's Brief, ECF No. 14, is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and CLOSE this file.

DATED April 14, 2023.



THOMAS O. RICE
United States District Judge